IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRAVIS A. GILBERT                                                                          PLAINTIFF

V.                                         NO. 11-5208

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                        DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Travis A. Gilbert, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on August 25, 2009, alleging an inability to work since August 1, 2008, due to "Arthritis r knee; type ii diabetes; hypertension. Heart" (Tr. 148-149, 163). An administrative hearing was held on August 12, 2010, at which Plaintiff appeared without counsel and testified. (Tr. 21-51).

By written decision dated September 27, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe -

osteoarthritis (knees) and obesity. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except as follows: The claimant can frequently lift and/or carry less than ten pounds, and occasionally ten pounds, sit for a total of about six hours in an eight hour work day, and stand and/or walk for at least two hours in an eight hour work day. The claimant cannot climb ladders, scaffolds, or ropes, and he should not be exposed to workplace hazards such as unprotected heights. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl.

(Tr. 12). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as sedentary cashiers (auction clerk; check cashing clerk; and food checker); charge account clerk; and sedentary production /assembly (lamp shade assembler, shoe buckler/lacer, and compact assembler). (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 6, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

  It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

  The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III. Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ erred by failing to develop the record by not sending Plaintiff for a consultative physical examination; 2) The ALJ erred in his determination that Plaintiff was not credible to the extent his testimony conflicted with the RFC determination; 3) The ALJ's decision is not supported by substantial evidence.

**A. Full and Fair Development of the Record:**

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See

Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 989).

The ALJ had before him records from Dr. Rodger Dickinson, Jr., a treating physician at the Agility Center & Orthopedics, dated December 22, 2008, indicating that Plaintiff had increasing knee pain, but had good range of motion of both knees. (Tr. 242). He also had the record of the MRI of Plaintiff's right knee, dated February 4, 2009, which revealed: 1) Small joint effusion present with small popliteal cyst; 2) no demonstration of cruciate ligament tear; 3) minimal degenerative changes in the posterior horn of the medial and lateral menisci but no demonstration of meniscal tear, collateral complex tear, osteochondral lesion or bony contusion; 4) mild degenerative thinning of the articular cartilage in all three compartments of the knee most pronounced in the patellofemoral compartment; and 5) mild lateral subluxation of the patella with fissuring of the cartilage in the lateral patellar facet compatible with grade 2 chondromallacia but no demonstration of patellar retinacular tear or displacement at that time. (Tr. 244). Dr. Dickinson thereafter assessed Plaintiff with knee degenerative joint disease. (Tr. 238-240). The ALJ also had before him the record dated May 30, 2009, where Plaintiff reported to Northwest Medical Center of Bentonville with a mild knee injury. Upon examination, Plaintiff had full range of motion above and below the injury site. (Tr. 231). On June 2, 2009, Dr. Dickinson gave Plaintiff a hinged knee brace to wear when he went back to work, and by

letter dated September 3, 2009, stated that Plaintiff needed to wear a brace on the right knee at work. (Tr. 245).

The ALJ had before him the Physical RFC Assessment completed by non-examining consultant, Dr. Jerry Mann, on September 25, 2009, wherein Dr. Mann found that Plaintiff would be capable of doing light work, and only occasionally climb ramps/stairs, ladders/ropes/scaffolds, balance, stoop, kneel, crouch, and crawl. (Tr. 255). The ALJ also heard Plaintiff's testimony at the hearing on August 12, 2010, where Plaintiff testified that he did dock work until July 15, 2010, working between 30 and 45 hours per week, cooked supper at home, and shopped for groceries with his wife. (Tr. 30-31, 34). In addition, the ALJ had the testimony of Dr. Morris Specter, who testified at the hearing that based upon his review of the objective evidence, Plaintiff's primary problem was degenerative joint disease of his right knee and some in his left knee. (Tr. 26). Dr. Specter opined that Plaintiff would be prohibited from doing anything more than sedentary work, and should lift no more than ten pounds and stand or walk only two hours minimal. (Tr. 27). He also concluded that Plaintiff would be precluded from climbing ropes, scaffolds or working at heights. (Tr. 27).

The Court finds that the record contained sufficient evidence for the ALJ to have made an informed decision, and that the ALJ did not fail to fully and fairly develop the record.

### B. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional

-6-

restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

It is worth noting that Plaintiff testified that he last worked on July 15, 2010, performing dock work, and also worked in 2009 for a temporary employment agency. (Tr. 25, 32). This employment after his onset date is not supportive of his allegation of disability. Medhaug v. Astrue, 578 F.3d 805, 816 (8th Cir. 2009)(proper for ALJ to consider employment after alleged onset of disability-working generally demonstrates an ability to perform a substantial gainful activity).

The ALJ also thoroughly discussed the medical evidence when discussing Plaintiff's RFC. (Tr. 13-14). The ALJ gave Plaintiff's examining and treating physicians substantial weight, and gave Dr. Specter's opinion significant weight to the extent that it was consistent with the other verifiable objective medical evidence of record. (Tr. 14). In fact, the ALJ found Plaintiff capable of performing only sedentary work, as opposed to light work which was determined by the non-examining consultant, and included all of the limitations that were warranted by the evidence in his RFC. The ALJ noted the fact that Plaintiff admitted to smoking 1 ½ to 3 packs of cigarettes per day since he was 12 years old, and that the medial evidence did not show that the treatment was not adequate in controlling the diabetes conditions and hypertension. (Tr. 13). It is also noteworthy that Plaintiff's treating physicians released him to

work, and considered his medical visits to be non-emergent.

The Court finds that there is substantial evidence to support the ALJ's credibility findings, and that the ALJ's RFC took into consideration all of the limitations which were supported by the record.

### C. Whether Substantial Evidence Supports the Record:

In making this argument, Plaintiff states that his previous arguments show that the ALJ's decision rests on conjecture and speculation, rather than substantial evidence. The Court is of the opinion that there is substantial evidence to support the ALJ's decision, that the ALJ asked the VE to assume a hypothetical claimant with the same vocational profile and RFC as Plaintiff, and that the VE listed certain jobs Plaintiff would be able to perform. The Court, after reviewing the administrative record, and considering the Defendant's well-stated reasons set forth in his brief, finds that there is substantial evidence to support the ALJ's findings in this matter.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is affirmed. The Court further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 20th day of September, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)